Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JAN 7 – 2020

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Terrance Jerome Riley )
_____ )
_____ )
_____, )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
 )
      Petitioner, )
vs. )
 )
Christopher Gomez, )
(Name of Warden or other authorized person )
where you are incarcerated) )
 )
      Respondent. )
_____ )

**Petition for Habeas Corpus
Pursuant to 28 U.S.C. § 2241**

Civil Action No.  3:19cv48
(to be assigned by Clerk)

**Important notes to read before completing this form:**

★ Please read the entire petition **before** filling it out. Answer **only** those questions which pertain to your claim(s).

1. This petition concerns (check the appropriate box):

  ☒ a conviction
  ☒ a sentence
  ☐ jail or prison conditions
  ☐ prison disciplinary proceedings
  ☐ a parole problem
  ☐ other, state briefly: _____

Attachment A

_____
_____
_____

2. Are you represented by counsel?   ☐ Yes   ☒ No

   If you answered yes, list your counsel's name and address: _____
   _____
   _____

3. List the name and location of the court which imposed your sentence:
   _____
   _____
   _____

4. List the case number, if known: _____

5. List the nature of the offense for which the sentence was imposed:
   Title 18 U.S.C. § 922(g)(1)
   _____
   _____

6. List the date each sentence was imposed and the terms of the sentence:
   August 24, 2010
   _____
   _____

7. What was your plea to each count? (Check one)

   ☐ Guilty
   ☒ Not Guilty
   ☐ Nolo Contendere

**Attachment A**

8. If you were found guilty after a plea of not guilty, how was that finding made?

   ☒ A jury
   ☐ A Judge without a jury
   ☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

   ☒ Yes    ☐ No

10. If you did appeal, give the following information for each appeal:
    A. Name of Court: ELEVENth Circuit Court of Appeals
    B. Result: Affirmed
    C. Date of Result: July 13, 2011
    D. Grounds raised (List each one): N/A

    _____
    _____
    _____
    _____

    Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

    ☒ Yes    ☐ No

    If your answer was yes, complete the following sections:

    A. First post-conviction proceeding:
       1. Name of Court: U.S. District Court Middle District of Florida

Attachment A

     2. Nature of Proceeding: **Title 28 U.S.C. § 2255**
     3. Grounds Raised: **N/A**
     4. Did you receive an evidentiary hearing? ☒ Yes ☐ No
     5. Result: **denied**
     6. Date of Result: **2011**

B. Second post-conviction proceeding:
     1. Name of Court: **Eleventh Circuit Court of Appeals**
     2. Nature of Proceeding: **Successive 28 U.S.C. § 2255**
     3. Grounds Raised: _____
     4. Did you receive an evidentiary hearing? ☐ Yes ☒ No
     5. Result: **denied**
     6. Date of Result: **2016**

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
     1. First proceeding: ☒ Yes ☐ No    Result: **denied**
     2. Second proceeding: ☐ Yes ☒ No    Result: _____

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: **You cannot appeal a successive 28 U.S.C. § 2255(h) petition**

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

    A. U.S. Parole Commission unlawfully revoked my parole.
    B. Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C. Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D. Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E. There is an unlawful detainer lodged against me.
F. I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G. The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A. Ground one:
Petitioner's indictment failed to charge a federal crime, as clarified in the decision of Rehaif v. U.S., 139 S.Ct. 2191 (2019)

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
The indictment failed to state that the Petitioner had "knowledge" of any convicted felon status.

B. Ground two:

Attachment A

Petitioner's prior pre-1994 Fla. Stat. § 893.13 convictions are not "serious drug offenses" under § 924(e)(2)(A)(ii) where the inclusion of "purchase" as an alternative means of violating the statute renders that statute "indivisible" in light of Moncrieffe, Descamps and Mathis

Supporting facts:
Because the "purchase" of a controlled substance is an alternative mean of violating Fla. Stat. § 893.13, such offense is not a "serious drug offense" under § 924(e). See Exhibit "A", copy attached.

C. Ground three:

Supporting facts:

D. Ground four:

**Attachment A**

Supporting facts:

_____
_____
_____
_____
_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:
    No_____
    _____
    _____
    _____
    _____

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

    A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

        ☐ Yes        ☐ No

        1. If your answer to "A" above was yes, what was the result:
        _____
        _____
        _____
        _____
        _____

**Attachment A**

  2. If your answer to "A" above was no, explain:

   _____
   _____
   _____

 B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   ☐ Yes  ☒ No

  1. If your answer to "B" above was yes, what was the result:

   _____
   _____
   _____

  2. If your answer to "B" above was no, explain:
   N/A
   _____
   _____

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

  1. Make **no** legal arguments.
  2. Cite **no** cases or statutes.
   Vacate the unlawful conviction and/or resentence without the unlawful §924(e) enhancement.

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

All of the retroactive Supreme Court decisions relied upon were decided after the ruling in the first §2255 proceedings

Signed this __31st__ day of __December__, __2019__.
          (day)              (month)       (year)

_Terrance Riley_
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: _12-31-2019_      _Terrance Riley_
                                               Your Signature