IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TERRANCE JEROME RILEY,**

      Petitioner,

v.                                                     CIVIL ACTION NO.: 3:19-CV-48
                                                                   (GROH)

**CHRISTOPHER GOMEZ,**

      Respondent.

**MEMORANDUM OPINION AND ORDER DECLINING TO ADOPT
REPORT AND RECOMMENDATION**

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. See LR PL P 2. Magistrate Judge Trumble issued his R&R [ECF No. 17] on September 8, 2020. Therein, Magistrate Judge Trumble recommends that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons stated below, the Court **DECLINES TO ADOPT** the R&R.

**I. BACKGROUND**[1]

Upon review of the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

---

[1] All CM/ECF references in this section refer to entries in the docket of Criminal Action No. 8:09-CR-228 in the Middle District of Florida, unless otherwise noted.

However, the Court has outlined the most relevant facts below.

The Petitioner is an inmate incarcerated at FCI Gilmer in Glenville, West Virginia. On February 2, 2010, a jury convicted the Petitioner for being a felon in possession of a firearm and narcotics possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and 21 U.S.C. §§ 844(a) and 851 in the Middle District of Florida.  ECF No. 58.  On August 24, 2010, the Petitioner was sentenced to 262 months of imprisonment.  ECF Nos. 79 & 80.  The Petitioner filed a direct appeal, and on July 13, 2011, the Eleventh Circuit Court of Appeals affirmed the Petitioner's conviction and sentence.

On April 4, 2019, the Petitioner filed the instant petition, challenging the legality of his conviction and sentence.  Civil Action No. 3:19-CV-48, ECF No. 1.  On December 17, 2019, the Court granted the Petitioner leave to amend his petition, and on January 7, 2020, the Petitioner filed an amended petition.  Civil Action No. 3:19-CV-48, ECF No. 14. In his amended petition, the Petitioner argues that his conviction is no longer valid in light of the Supreme Court's holding in Rehaif v. United States, 139 S. Ct. 2191 (U.S. 2019), and that his sentence was improperly enhanced based on prior convictions that were improperly considered to be "serious drug offenses."  Id. at 10–11.  For relief, the Petitioner requests that this Court vacate his conviction or that he be resentenced without the § 924(e) enhancement.  Id. at 13.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions

2

of the magistrate judge to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Pro se filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, but courts are not required to create objections where none exist.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1971).  Failure to file timely objections constitutes a waiver of de novo review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Petitioner accepted service of Magistrate Judge Trumble's R&R on September 14, 2020.  ECF No. 19.  The Petitioner filed his objections on September 25, 2020.  ECF No. 209.  Accordingly, this Court will review the portions of the R&R to which the Petitioner objects de novo and the remainder of the R&R for clear error.

### III. DISCUSSION

In the R&R, Magistrate Judge Trumble finds that the Petitioner is not entitled to § 2241 relief for his conviction and sentence because he cannot meet the savings clause of § 2255(e).[2]  ECF No. 17.  In reviewing the Petitioner's challenge to his conviction,

---

[2] In reviewing the Petitioner's challenge to his sentence, Magistrate Judge Trumble finds that the Petitioner is unable to meet the four-prong test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), to show that relief under § 2255 is "inadequate or ineffective."  Specifically, Magistrate Judge Trumble finds that the Petitioner cannot meet the second prong because the settled, substantive law that established the legality of his sentence at the time of his sentencing had not changed and been deemed to apply retroactively on collateral review.  ECF No. 17 at 8–9.  The Petitioner did not object to the R&R's finding that he could not meet the savings clause of § 2255(e) to challenge the legality of his sentence; thus, he has waived his objections.  Upon careful review, the Court finds that the R&R properly addressed

3

Judge Trumble finds the Petitioner cannot meet the three-pronged test set forth in In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), to show that relief under § 2255 is "inadequate or ineffective." Specifically, he finds that the Petitioner cannot satisfy the second prong, which requires a showing that the substantive law has changed such that the conduct for which the prisoner was convicted is deemed not to be criminal. Id. at 8. The R&R states,

> The crimes Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), and possession of a controlled substance, in violation of 21 U.S.C. §§ 844(a) and 851—are still violations of law. Therefore, Petitioner cannot satisfy the second prong of Jones.

Id.

The Petitioner's sole objection is that the R&R erred in finding that he could not satisfy the second prong of Jones because the Supreme Court's holding in Rehaif v. United States did not change substantive law. ECF No. 20 at 2. The Court reviews his objection below de novo.

### A. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or

---

Wheeler and reached the correct conclusion.

ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

Under Jones, a § 2255 motion is inadequate or ineffective to challenge the legality of a conviction when the following three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and,
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34.

**B. Analysis**

The Petitioner contends that Rehaif represents a change in substantive law because it "altered the class of person that 18 U.S.C. § 922(g) may punish" by limiting its application to defendants who know that they are felons.  Id. (citing United States v. Dace, No. 16-cr-383, 2020 WL 4805761, at *2 (D. Colo. Aug. 18, 2020)).  In Rehaif v. United States, the Supreme Court clarified "that in a prosecution under § 922(g)[3] . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  The Petitioner argues that the Government "failed to charge or prove to the jury that [he] possessed a firearm after knowing that he was a convicted felon," as required by Rehaif.  ECF No. 20 at 4.  Thus, he avers that the

---

[3]   Section 922(g)(1) prohibits any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year (a "convicted felon") from possessing any firearm or ammunition.  18 U.S.C. § 922(g).

Government failed to meet its burden of proof for a conviction under § 922(g).

The Court agrees with the Petitioner. If the Government charged the Petitioner for being a felon in possession of a firearm in violation of § 922(g) today, the Government would need to prove that he knew he was a convicted felon at the time of the offensive conduct. At the Petitioner's trial, the Government did not present evidence proving the Petitioner knew he was a convicted felon at the time of his offensive conduct because before Rehaif, the government could obtain a felon-in-possession conviction without proving that the defendant knew he had previously been convicted of a felony. See, e.g., United States v. Daniel, 134 F.3d 1259, 1263 (6th Cir. 1998). Nor was the jury instructed to find that the Petitioner knew he was a convicted felon at the time of his offensive conduct.[4]

Upon review and consideration, the Court finds that the Petitioner can satisfy the second prong of Jones. Rehaif constitutes a substantive change to 28 U.S.C. § 922(g) that makes the conduct of which the Petitioner was convicted no longer criminal. Rehaif

---

[4] Jury Instruction number 8 reads:

> Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.
>
> The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt[.]
>
> First: That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and
>
> Second: That before the Defendant possessed the firearm[,] the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

See Jury Instruction No. 8, ECF No. 56, United States v. Riley, 8:09-cr-228 (M.D. Fla. Feb. 2, 2010).

added an element to a conviction under § 922(g), which the Government failed to prove at the Petitioner's trial. Accordingly, the Court **REJECTS** the R&R's finding that the Petitioner cannot satisfy the second prong of Jones.

Additionally, the Court finds that the Petitioner has met the Jones test.[5] Under the settled law of this circuit at the time of the Petitioner's conviction, the evidence was sufficient to support the jury's finding that the Petitioner was a convicted felon in possession of a firearm in violation of § 922(g). However, this evidence is insufficient under Rehaif because the Government did not prove that the Petitioner knew of his status as a convicted felon at the time of the offensive conduct. Also, Rehaif was decided after the Petitioner's appeal and after the sentencing court's denial of his first § 2255 motion. Finally, the new rule is not one of constitutional law. Thus, the Court **REJECTS** the R&R's conclusion that the Petitioner fails to satisfy the savings clause of § 2255(e) as to his conviction.

## V. CONCLUSION

Upon careful review of the materials in this case, the Court finds that dismissal of the petition is not warranted because the Petitioner has satisfied the Jones test. Accordingly, the Court **DECLINES TO ADOPT** Magistrate Judge Trumble's Report and Recommendation. ECF No. 17. Pursuant to the Local Rules of Prisoner Litigation Procedure, the Respondent is **ORDERED** to file a Response to the Petitioner's Petition. LR PL P 19.

---

[5] Because the magistrate judge found that the Petitioner was unable to satisfy the second Jones prong, he did not analyze the Petitioner's challenge under the first or third prongs. ECF No. 17 at 8.

This Court further **ORDERS** that this matter be **RECOMMITTED** to Magistrate Judge Trumble for further proceedings.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to all counsel of record herein.

**DATED:** March 30, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE