## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**TERRANCE JEROME RILEY,**

        **Petitioner,**

**v.**                                    **Civil Action No. 3:19-CV-48**
                                                **(GROH)**

**CHRISTOPHER GOMEZ, Warden,**

        **Respondent.**

## SECOND REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 4, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate currently housed at Coleman Medium FCI in Coleman, Florida, who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Middle District of Florida.  Petitioner was previously incarcerated at FCI Gilmer in Glenville, West Virginia.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On May 12, 2009, a grand jury indicted Petitioner and charged him in the Middle District of Florida, case number 8:09-CR-228, with being a felon in possession of a firearm, and narcotics possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and 21 U.S.C. §§ 844(a) and 851. ECF No. 1. On February 2, 2010, a jury convicted Petitioner of both counts of the indictment. ECF No. 58. Petitioner was sentenced on August 24, 2010[2], to 262 months of imprisonment. ECF Nos. 79, 80.

### B. Direct Appeal

On August 31, 2010, Petitioner filed a notice of appeal with the Eleventh Circuit, in that court's docket 10-14109. ECF No. 83. The Eleventh Circuit affirmed Petitioner's conviction and sentence on July 13, 2011, noting that Petitioner's sentence was a "bottom-of-the-guidelines-range 262 month sentence". ECF No. 117 at 3.

### C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255

On October 17, 2011, Petitioner filed a motion to vacate[3] under 28 U.S.C. § 2255, arguing that he was denied effective assistance of counsel, and required an evidentiary hearing. ECF No. 118. That motion to vacate was denied by order entered September 10, 2012. ECF No. 125.

---

[1] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 8:09-CR-228, in the Middle District of Florida.

[2] Sentence was imposed on August 24, 2010, but the judgment was not entered until August 25, 2010. ECF No. 80.

[3] This motion was also used to initiate a new case assigned case number 8:11-CV-2350 in the Middle District of Florida.

On October 7, 2013, Petitioner filed a second motion to vacate[4] under 28 U.S.C. § 2255, arguing that he was improperly sentenced under the Armed Career Criminal Act, and that his counsel was ineffective. ECF Nos. 129. The motion was denied on October 10, 2013. ECF No. 130.

Petitioner filed another motion to vacate[5] on June 10, 2014, which asserted that Petitioner received ineffective assistance of counsel "for not arguing Florida's drug statute failed to require the element of 'knowing' thus the Armed Career Offender enhancement was improper." ECF No. 132 at 1. The third motion to vacate was dismissed on June 16, 2014. ECF No. 133.

### D. Claims in Instant § 2241 Petition

The instant § 2241 petition was filed with the Court on April 4, 2019, and an amended petition was filed on January 7, 2020. ECF Nos. 1, 14. The amended petition asserts two grounds for relief: (1) that Petitioner's conviction was based on an indictment which omitted the "knowledge" of his felony conviction status, and is thus no longer valid based on the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019); and (2) that his sentence was improperly enhanced based on prior convictions which did not properly qualify as "serious drug offenses" under § 924(e). ECF No. 14 at 5 – 6. For relief, Petitioner requests his conviction be vacated or that he be resentenced without the 924(e) enhancement. Id. at 8.

---

[4] This motion was also used to initiate a new case assigned case number 8:13-CV-2588 in the Middle District of Florida.

[5] This motion was also used to initiate a new case assigned case number 8:14-CV-1384 in the Middle District of Florida.

3

**E.     Procedural History**

On September 8, 2020, the undersigned filed a Report and Recommendation which recommended the amended petition be denied for lack of jurisdiction. ECF No. 17. On March 30, 2021, the District Court entered an order which declined to adopt the Report and Recommendation and recommitted this matter to the undersigned for further proceedings. ECF No. 23. The Order further directed Respondent to file a response to the petition. Id. at 7.

On July 29, 2021, Respondent filed a motion to dismiss for failure to state a claim, or in the alternative, motion for summary judgment, along with a memorandum and exhibits in support thereof. ECF Nos. 32, 32-1 through 32-3, 36. Therein, Respondent argues that the amended petition should be dismissed because: (1) Petitioner cannot demonstrate that omitting the knowledge-of-status element from the indictment had a substantial or injurious effect on his conviction; and (2) Petitioner is procedurally defaulted from challenging his 922(g) conviction based on his failure to contest that issue at trial or on direct appeal, or in any of this three § 2255 motions to vacate.[6]  ECF No. 32-1.

An Order and Roseboro notice was entered on July 30, 2021, and service for the same was accepted on August 2, 2021. ECF Nos. 37, 38. Petitioner has failed to file any response to the Order and Roseboro notice. However, on October 12, 2021, Petitioner inquired by letter about the status of his case. ECF No. 39.

---

[6] The Court notes that the three motions to vacate were all filed prior to the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019), which Petitioner asserts as authority to support his challenge in the instant proceeding.

4

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the

---

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light

7

most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

> **D. Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that

there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

Petitioner asserts two grounds for relief: (1) that his conviction is invalid based on the holding of Rehaif; and (2) that his prior convictions which were used to enhance his sentence as an Armed Career Criminal were not proper qualifying offenses.

### A. Petitioner's Challenge to his Conviction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

10

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. See <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the

---

> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner claims his conviction is invalid because of the Supreme Court's holding of Rehaif, which requires the Government to prove not only that the defendant knowingly possessed a firearm, but also that the defendant knew he was in a category of people who are prohibited from possessing a firearm.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.

However, because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.[10] The crimes Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and possession of narcotics, in violation of 21 U.S.C. §§ 844(a)—are still violations of law. Therefore, Petitioner cannot

---

[10] The Supreme Court in Greer v. United States, 141 S.Ct. 2090 (June 14, 2021) (vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020)), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error. The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted).

The Court found Gary, who was convicted of being a felon in possession of a firearm based upon his plea to that offense, "admitted that he was a felon when he pled guilty." Id. at 2098. Further, the Court noted that before his felon in possession offense, Gary "had been convicted of multiple felonies. Those prior convictions are substantial evidence that [he] knew [he was a] felon" and that he never disputed the fact of his prior convictions. Id. at 2097 – 98. Riley, although he was convicted by a jury, appears similarly situated to Gary: Riley had multiple prior felony convictions, and at sentencing did not dispute those prior convictions. M.D.Fla. 8:09-cr-00228, ECF No. 105 at 19 – 20. Additionally, see Note 11 herein, wherein Petitioner stipulated that he knew he was a convicted felon who was prohibited from possessing firearms.

satisfy the second prong of Jones. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on that ground.

Further, even if Petitioner could meet all three prongs of the Jones test, his claims do not merit relief. Petitioner appears to argue that in the wake of the Supreme Court's decision in Rehaif, he is actually innocent of his conviction under 18 U.S.C. § 922(g). Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons …. A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to ten years." Rehaif, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that the "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S.Ct. at 2194. Petitioner argues that Rehaif renders his conviction invalid because the Government did not prove that he knowingly possessed a firearm and knowingly was prohibited from doing so. ECF No. 14 at 5.

Respondent argues that Petitioner fails to demonstrate that omitting the knowledge-of-status element from his indictment had a substantial or injurious effect on

his conviction. A review of the indictment lists that Petitioner was a person convicted in a court of crimes punishable by imprisonment for a term exceeding one year, then lists ten separate offenses which meet that definition. M.D.Fla. 8:09-CR-228, ECF No. 1. Further, the indictment states that Petitioner "did knowingly possess [ ] a firearm". Id.

Further, at trial, the government presented evidence from one of the arresting officers, Patrolman Misiewicz, that following a traffic stop, Petitioner ran away and Misiewicz ran after him. M.D.Fla. 8:09-CR-228, ECF No. 103 at 180:11 – 181:11. Misiewicz testified that during the foot chase he saw Petitioner use his right hand to remove a semi-automatic handgun from his waistband while Misiewicz was attempting to tackle Petitioner. Id. at 182:19 – 183:14. Misiewicz was asked:

> Q And in this situation was there any question about who possessed this firearm?
> A No, I didn't believe there was as I knocked the gun out of the defendant's hand.

Id. at 212:22 – 25. Additionally, at trial, Government's exhibit 12 was a stipulation that Petitioner was a convicted felon at the time of the offense, without the right to own or possess a firearm.[11] Id. at 221:5 – 222:3.

---

[11] Although the Exhibit/stipulation is not available for review in the CM/ECF file, at the request of the Government's counsel, a Government witness at trial read the entirety of the stipulation into the record:

> It states at the top Middle District of Florida, Tampa Division, United States of America versus Terrance Riley, Case Number 8:09 CR 00228 . . . .
> Stipulations of the parties.
> It is stipulated and agreed between the parties that defendant, Terrance Riley, had previously been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense prior to any dates alleged in the Indictment.
> There has neither been restoration of the defendant's civil right to own, possess, use or receive firearms or ammunition nor pardon of any kind for any prior felony conviction by the Governor or Cabinet of the State of Florida.
> So stipulated this -- and it's written in 1st day of February 2010.
> Agreed.
> Uh, there's a signature, Terrance Riley, the defendant, uh, Maria Guzman's signature, attorney for defendant Riley. Uh, it represents A. Brian Albritton, United States Attorney, signed by Stacie Harris -- Stacie B. Harris, Assistant United States Attorney.

15

It appears clear from the trial record that the Government presented evidence that Petitioner removed a semi-automatic handgun from his waistband during a police chase and arrest, according to the eyewitness testimony of one of the arresting officers. Further, the Government presented evidence in the form of a stipulation that Petitioner was a convicted felon, whose rights to own or possess a handgun had not been restored. Accordingly, it appears that the Government met both "knowing" elements of possession of firearm, as required by Rehaif, and even if this Court were to consider the merits of Petitioner's challenge to his conviction, his claim fails.

### B. Petitioner's Challenge to his Sentence

Petitioner's request for relief as to his sentence under § 2241 is also unavailable. Petitioner claims his sentence is invalid because his prior convictions did not qualify as an ACCA predicate offenses, and thus he was improperly found to be an Armed Career Criminal. Petitioner has already raised and been denied relief on this ground. He now raises the issue again, citing to Rehaif to support his claim.

Even if Petitioner meets the other prongs of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Being a prohibited person in possession of a firearm remains a federal criminal offense under 18 U.S.C. § 922(g). Accordingly, Petitioner cannot meet the second prong of the Wheeler test.

---

M.D.Fla. 8:09-CR-228, ECF No. 103 at 221:12 – 222:8.

16

However, a Petitioner who challenges his sentence in a § 2241, must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear any challenge on the merits. His failure to meet the second prong of Wheeler dooms his challenge under the § 2255(e) savings clause and this court need not consider whether he meets the other prongs of Wheeler. Because Petitioner cannot meet the second prong of the Wheeler test, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the other prongs of Wheeler.[12]

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test to challenge his sentence for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.

Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Rehaif, has not been ruled to apply retroactively to cases on collateral review. Since the Supreme Court's decision in Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. Hill v. Warden, FCI McDowell, 2021 WL 4443068 (S.D.W.Va. September 28, 2021); Davis v. Streeval, 2021 WL 4432514 (W.D.Va. September 27,

---

[12] Further, the Court notes that Petitioner has more than once already sought and been denied relief under § 2255, in the Middle District of Florida, cases 8:11-CV-2350, 8:13-CV-2588, and 8:14-CV-1384. The Court again notes that in his § 2255 motion initiated on October 7, 2013, M.D.Fla. 8:13-CV-2588, Petitioner previously raised the issue of his Armed Career Criminal designation and was denied relief on that ground. M.D.Fla. 8:09-CR-228, ECF No. 130.

17

2021); Seller v. Dobbs, 2021 WL 4059733 (D.S.C. September 7, 2021); Goldwire v. Warden, 2021 WL 4026072 (D.S.C. September 3, 2021); Albritton v. Warden, 2021 3432845 (E.D. VA. August 4, 2021); *See also* Williams v. U.S., 2019 WL 6499577 (W.D.N.C. December 3, 2019) (holding that Rehaif "did not announce a new rule of Constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g).")

Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test, which requires that any change in the law be made retroactive to cases on collateral review. Because Petitioner cannot satisfy one prong of the mandatory four-part Wheeler test, it is unnecessary for this Court to consider the other three prongs. Accordingly, as to Petitioner's claim pursuant to Rehaif, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the amended petition [ECF No. 14] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Respondent's motion to dismiss [ECF No. 32] be **GRANTED.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 2, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE