IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TERRANCE JEROME RILEY,**

    Petitioner,

v.                                              **CIVIL ACTION NO.: 3:19-CV-48 (GROH)**

**CHRISTOPHER GOMEZ, Warden,**

    Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Second Report and Recommendation ("R&R") in the above-styled action, entered by United States Magistrate Judge Robert W. Trumble on November 2, 2021. ECF No. 40. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition without prejudice. The Petitioner timely filed his objections to the R&R on November 22, 2021. ECF No. 43. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On January 7, 2020, Terrance Jerome Riley ("Petitioner") filed an amended petition *pro se* pursuant to 28 U.S.C. § 2241. ECF No. 14. Therein, the Petitioner contests his 2010 conviction for violating 18 U.S.C. § 922(g)(1) and the subsequent sentence. The Petitioner asserts two grounds for relief: (1) his conviction was based on an indictment

that failed to include the "knowledge of felon status" element, and now under <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2021), his conviction is invalid and (2) his sentence was erroneously enhanced by state convictions that do not qualify as "serious drug offenses" under Armed Career Criminal Act, 18 U.S.C. 924(e).  For relief, the Petitioner requests that this Court vacate his unlawful conviction or resentence him without the erroneous enhancement.

This Court referred review of the Petitioner's § 2241 petition to Magistrate Judge Trumble for submission of an R&R.  On September 8, 2020, Magistrate Judge Trumble filed an R&R, which recommended the amended petition be denied for lack of jurisdiction. ECF No. 17.  On March 30, 2021, this Court entered an Order declining to adopt the Report and Recommendation and recommitting the petition to the Magistrate for further proceedings. ECF No. 23.  The Order further directed the Respondent to file a response to the petition.

On July 29, 2021, the Respondent filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, along with a memorandum and exhibits in support thereof.  ECF No. 32.  Therein, the Respondent presented two arguments to support his request for dismissal: (1) the Petitioner cannot establish that the government's failure to include the "knowledge of status" element from his underlying indictment had a substantial or injurious effect on his conviction and (2) the Petitioner is procedurally defaulted from challenging his § 922(g) conviction under <u>Rehaif</u> because he did not object to or challenge his felon status at his criminal trial, on direct appeal or in any of his three § 2255 motions to vacate.

On July 30, 2021, the Magistrate entered an Order and Roseboro Notice informing the Petitioner of his right and obligation to file a response to the Respondent's motion to dismiss. ECF No. 37. The Petitioner accepted service of the Order and Roseboro notice on August 2, 2021 [ECF No. 38], but the Petitioner has failed to file any response as of the date of this Order.

The Magistrate submitted a Second Report and Recommendation [ECF No. 40] on November 2, 2021. Therein, the Magistrate recommends that this Court deny the Petitioner's § 2241 petition and dismiss the same without prejudice. With respect to the Petitioner's challenge to his conviction, the Magistrate found that the Petitioner cannot satisfy the savings clause of § 2255(e) because the substantive law governing the Petitioner's conduct has not changed to deem his conduct no longer criminal.

As to the Respondent's argument that omitting the knowledge of status element from his underlying indictment did not have a "substantial or injurious effect," the Magistrate found the Supreme Court's decision in Greer v. United States, 141 S.Ct. 2090 (2021) (vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020)) instructive.[1] In Greer, the Court held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error. The Supreme Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted).

---

[1] The Court notes that Greer was decided after this Court's prior Order declining to adopt the R&R.

3

Additionally, the Magistrate noted that the Petitioner stipulated to his felon status and to the consequence of his felon status that prohibits him from owning, possessing, using or receiving firearms.  Lastly, in addressing the Respondent's argument that the Petitioner is procedurally defaulted from challenging his § 922(g) conviction under <u>Rehaif</u> because he did not object to or challenge his felon status previously, the Magistrate noted that the trial, appeal, and motions to vacate predate the ruling in <u>Rehaif</u>.

In regards to the Petitioner's request for resentencing, the Magistrate similarly found the Petitioner cannot satisfy the savings clause of § 2255(e) because the substantive law underlying the Petitioner's conviction has not changed so that his conduct is no longer criminal.  The Petitioner was charged pursuant to 18 U.S.C. § 922(g) for being a prohibited person in possession of a firearm, and being a prohibited person in possession of a firearm remains a federal criminal offense under § 922(g).  Further, <u>Rehaif</u> has not been ruled to apply retroactively to cases on collateral review.  Ultimately, the Magistrate found that the Court is without jurisdiction to hear either ground of the Petitioner's § 2241 petition.  Because the Court is without jurisdiction, the Magistrate recommends that this Court dismiss the case.

The Petitioner timely filed his objections to the R&R on November 22, 2021.  ECF No. 43.[2]  The Respondent also filed a Response to the Petitioner's objections.  ECF No. 44.  Accordingly, this matter is now ripe for adjudication.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[2] The Court notes that the Petitioner filed a Motion for Extension of Time to File Objections [ECF No. 42], but then proceeded to timely file objections nevertheless.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-

5

recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of the filings in this matter, the Court finds that the Petitioner has made two arguments in his objections: (1) his conviction is invalid under the holding in Rehaif and (2) his prior Florida state convictions are not "serious drug offenses" under the Armed Career Criminal Act. ECF No. 43. The Court will address each argument in turn.

**A. Petitioner's Objection to the R&R's Finding that His Conviction is Valid**

The Petitioner's first objection asserts that his conviction is invalid under Rehaif because the indictment failed to include the "knowledge of felon status" element. This is the same argument that forms the basis of his petition. When an "objection merely

reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor, 32 F. Supp. 3d at 260-61. Therefore, the Court will review the R&R's finding regarding the validity of the Petitioner's conviction to clear error review only.

In support of his objection, the Petitioner cites to Justice Sotomayor's dissent in Greer, which this Court does not find persuasive. Instead, this Court, like the R&R, finds the majority opinion in Greer instructive. In Greer, the majority held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error. The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted).

Additionally, upon a review of Eleventh Circuit precedent, the circuit in which the Petitioner was convicted, the Court finds that the omission of the knowledge status does not invalidate the Petitioner's conviction. In United States v. McLellan, the Eleventh Circuit held that "where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a Rehaif error does not affect his substantial rights." 958 F.3d 1110, 1118 (11th Cir. 2020). Similarly, in United States v. Reed, the Eleventh Circuit found that an indictment without the knowledge of status element at trial did not affect "[the defendant's] substantial rights or the fairness, integrity, or public reputation of his trial." 941 F.3d 1018, 1022 (11th Cir. 2019).

7

The Petitioner indeed asserts that he would have argued he did not believe he was a felon as a defense at trial, had the knowledge requirement been presented in the indictment. However, as noted in the R&R, the Petitioner stipulated that he knew he was a convicted felon who was prohibited from possessing firearms. ECF No. 103 at 221:12 – 222:8 in 8:09-CR-228-VMC. Further, according to the Petitioner's Indictment, it appears to the Court that the Petitioner was previously convicted of ten felonies. ECF No. 1-2 in Case No. 8:09-CR-228-VMC. Returning to Greer with these facts, "demonstrating prejudice under Rehaif 'will be difficult for most convicted for one simple reason: Convicted felons typically know they're convicted felons.'" 141 S. Ct. at 2098. Even the Petitioner's counsel at trial twice acknowledged during opening statements that the Petitioner was a felon. ECF No. 103 at 127:13-19 in Case No. 8:09-CR-228-VMC ("Mr. Riley was a convicted felon . . . it is true. In fact, Mr. Riley is a convicted felon."). The record here demonstrates that the Petitioner's purported defense that he did not know he was a felon is implausible. Accordingly, the Petitioner's first objection asserting that his conviction is invalid under Rehaif because the indictment failed to include the "knowledge of felon status" element is **OVERRULED**.

### B. Petitioner's Objection that the R&R Did Not Address His Argument Regarding his Sentence

In his second objection, the Petitioner asserts that the Magistrate failed to resolve the second ground of his amended petition, which claims that his prior state court convictions do not qualify as "serious drug offenses" under Armed Career Criminal Act and should not have been used to enhance his sentence. The Petitioner merely briefly restates the argument from his petition as his objection, under the notion that it has not

been reviewed. Therefore, the Court will review the R&R's finding regarding the validity of the Petitioner's conviction to clear error review only.

The Petitioner's argument was addressed in the Magistrate's first R&R on pages eight and nine. ECF No. 17. The Magistrate found that "in his challenge to his sentence, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." ECF No. 17 at 8-9. Specifically, the Magistrate found that the Petitioner's reliance "on Mathis or Descamps also lacks merit, as neither case announced a new rule of Constitutional law that the Supreme Court has made retroactive." ECF No. 17 at 9.

The Petitioner did not object to the Magistrate's finding regarding his sentence in the first R&R. See ECF No. 20. In its prior Order, this Court found that the first R&R properly addressed Wheeler and reached the correct conclusion regarding the Petitioner's sentence. ECF No. 23 at 3 n.1. While this Court declined to adopt the first R&R's recommendation to deny and dismiss the Petitioner's § 2241 petition, it did so on other grounds. Furthermore, the Magistrate briefly revisited the Petitioner's sentencing argument in its Second R&R as well. ECF No. 40 at 17-18. Accordingly, the Petitioner's objection asserting that his argument pertaining to the validity of his sentencing was not addressed is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Magistrate Judge Trumble's R&R carefully considered the record and applied the appropriate legal analysis, and it is the

9

opinion of this Court that Magistrate Judge Trumble's Second Report and Recommendation [ECF No. 40] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Accordingly, the Petitioner's Amended § 2241 Petition [ECF No. 14] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** and the Respondent's Motion to Dismiss [ECF No. 32] is **GRANTED**. The Petitioner's Motion for Extension of Time [ECF No. 42] is **DENIED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: March 18, 2022

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE